# EXHIBIT A

**Pam Childers**
Clerk of the Circuit Court
Escambia County Florida

👤 Username    🔑 Password

🔓 Login

❓ (/BMWebLatest/Home.aspx/About)

🔍 Search (/BMWebLatest/Home.aspx/Search)

🔍 Recent Searches

---

**2022 CA 001376 - TALLMAN, ANTHONY vs. BRADLEY PLUMBING AND HEATING LLC**

🖨 Print Summary (../DetailsPrint/2737220?digest=7fUH4D6BXyA+phVD0d1PXQ)

📄 Summary  🕘 History  📋 Payment Plans  💲 Charges  📋 Citations  Bonds

### ⊟ SUMMARY

| | | |
|---|---|---|
| **Judge:** [ F-CIVIL ] BRODERSEN, AMY P. | **Court Type:** CIRCUIT CIVIL | **Case Type:** OTHER CIRCUIT CIVIL POST 2010 |
| **Case Number:** 2022 CA 001376 | **Uniform Case Number:** 172022CA001376XXXXXX | **Status:** OPEN |
| **Clerk File Date:** 7/19/2022 | **Status Date:** 7/19/2022 | **Waive Speedy Trial:** ☐ |
| **Total Fees Due:** 0.00 | **Booking Number:** | **Agency:** |
| **Agency Report Number:** | **Custody Location:** | **Foreclosure:** |

### ⊟ PARTIES

| TYPE | PARTY NAME | ATTORNEY |
|---|---|---|
| PLAINTIFF | TALLMAN, ANTHONY (/BMWebLatest/Party.aspx/Index/100908745?caseID=2737220&digest=T0u4mP7F7W.J0TUKRPx4lCg) | TALBOTT, JEREMIAH J (Main Attorney) (/BMWebLatest/Party.aspx/Index/141?caseID=2737220&digest=Fkq5UuNt2ihZAh1b7q7l1w) |
| DEFENDANT | BRADLEY PLUMBING AND HEATING LLC (/BMWebLatest/Party.aspx/Index/141?caseID=2737220&digest=9JN1A0PqNXwHJXpNlJyVsg) | |
| DEFENDANT | BAUDENDISTEL, JOE (/BMWebLatest/Party.aspx/Index/100908747?caseID=2737220&digest=t1vtMcq0HLBxLW6bnSZ.Ad3w) | |
| DEFENDANT | BAUDENDISTEL, DONNA (/BMWebLatest/Party.aspx/Index/100908748?caseID=2737220&digest=FYg6ez%2FlMLnPUIjCt6J69A) | |

### ⊟ EVENTS

| DATE | EVENT | JUDGE | LOCATION | RESULT |
|---|---|---|---|---|
| | | No Events on Case | | |

### ⊟ OUTSTANDING AMOUNT

| COUNT | CODE | DESCRIPTION | ASSESSMENT | PAID | WAIVED | BALANCE | PAYMENT PLAN / JUDGMENT | DUE DATE |
|---|---|---|---|---|---|---|---|---|
| | CA1 | CIRCUIT CIVIL FILING FEE | $400.00 | $400.00 | $0.00 | $0.00 | | |
| | CA93 | ISSUANCE OF SUMMONS | $30.00 | $30.00 | $0.00 | $0.00 | | |
| | | | | | Total Outstanding: | $0.00 | | |

### ⊟ RECEIPTS

| DATE | RECEIPT # | APPLIED AMOUNT |
|---|---|---|
| 7/19/2022 | 2022054304 | $430.00 |

### ⊟ CASE DOCKETS

| IMAGE | DATE | ENTRY |
|---|---|---|
| Request | 9/14/2022 | NOTICE OF FILING RETURN OF SERVICE WAS ATTACHED |
| 📄 1 | 9/14/2022 | SUMMONS RETURNED SERVED |
| | 7/19/2022 | CIVILFILINGS@TALBOTTLAWFIRM.COM, JJ@TALBOTTLAWFIRM.COM |
| Request | 7/19/2022 | ORDER REGARDING REQUIRED REPORTING |
| Request | 7/19/2022 | SUMMONS ISSUED |
| Request | 7/19/2022 | SUMMONS ISSUED |
| Request | 7/19/2022 | PAYMENT $430.00 RECEIPT #2022054304 |
| 📄 12 | 7/19/2022 | COMPLAINT |
| Request | 7/19/2022 | CIVIL COVER SHEET |
| | 7/19/2022 | PLAINTIFF'S ATTORNEY: TALBOTT, JEREMIAH J ASSIGNED |
| | 7/19/2022 | BRODERSEN, AMY P.: ASSIGNED |
| | 7/19/2022 | CASE FILED 07/19/2022 CASE NUMBER 2022 CA 001376 |

# EXHIBIT A

Filing # 153599249 E-Filed 07/19/2022 11:26:12 AM

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>FIRST</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>ESCAMBIA</u>   COUNTY, FLORIDA

<u>Anthony Tallman</u>
Plaintiff

Case # _____
Judge _____

vs.

<u>Bradley Plumbing and Heating, LLC, Joe Baudendistel, Donna Baudendistel</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☒ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☒ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability—commercial
  ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions

☐ Professional malpractice
  ☐ Malpractice—business
  ☐ Malpractice—medical
  ☐ Malpractice—other professional
☐ Other
  ☐ Antitrust/Trade regulation
  ☐ Business transactions
  ☐ Constitutional challenge—statute or ordinance
  ☐ Constitutional challenge—proposed amendment
  ☐ Corporate trusts
  ☐ Discrimination—employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.  REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.  NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   1

**VI.  IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.  IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.  DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Jeremiah J Talbott       Fla. Bar # 154784
      Attorney or party             (Bar # if attorney)

Jeremiah J Talbott          07/19/2022
  (type or print name)          Date

Filing # 153599249 E-Filed 07/19/2022 11:26:12 AM

## IN THE CIRCUIT COURT OF FIRST JUDICIAL CIRCUIT
## IN AND FOR ESCAMBIA COUNTY, FLORIDA

ANTHONY TALLMAN,

      Plaintiff,

vs.                                        CASE NUMBER:

BRADLEY PLUMBING AND HEATING,
LLC, JOE BAUDENDISTEL, and DONNA
BAUDENDISTEL,

      Defendants.

_____/

## COMPLAINT

COMES NOW, Plaintiff, ANTHONY TALLMAN, by and through undersigned counsel, and sues BRADLEY PLUMBING AND HEATING, LLC, JOE BAUDENDISTEL and DONNA BAUDENDISTEL (collectively referred to as Defendants) under the Fair Labor Standards Act (FLSA), and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for lost wages under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* which meet the jurisdictional limits of this Court.

2. This Court has original jurisdiction over this action pursuant to Section 34.01(1)(c)(2), Florida Statutes, as this claim is within the jurisdictional limits of the Court.

COMPLAINT
*Anthony Tallman v. Bradley Plumbing and Heating, LLC, et al*

Law Office of Talbott & Lampert, P.A.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page 1 of 12

3. Venue is proper in Escambia County, Florida, pursuant to Section 47.011, Florida Statutes, as the Defendant, BRADLEY PLUMBING AND HEATING, LLC (sometimes hereafter "Defendant BRADLEY") has its principal place of business in Escambia County and does business in the County. Additionally, the Defendants, JOE BAUDENDISTEL (sometimes hereafter "Defendant JOE") and DONNA BAUDENDISTEL (sometimes hereafter "Defendant DONNA"), resides in and/or does business within this County. Further, a substantial part of the events and omissions giving rise to the claims pled in this Complaint occurred within this County.

## **PARTIES**

4. BRADLEY PLUMBING AND HEATING, LLC (BRADLEY) is a Florida Limited Liability Company that regularly conducts and transacts business in Florida, including Escambia County.

5. As part of its business, BRADLEY provides plumbing, heating and air conditioning services to its customers.

6. BRADLEY regularly engages in, conducts, and/or transacts business in the State of Florida, including in Escambia County, Florida.

7. Plaintiff is a resident of Escambia County, Florida and was employed by BRADLEY as a plumber from approximately April 15, 2021 to October 21, 2021.

COMPLAINT
*Anthony Tallman v. Bradley Plumbing and Heating, LLC, et al*

Law Office of Talbott & Lampert, P.A.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **2** of **12**

8. At all times material[1], Plaintiff was an "employee" of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

9. At all times material, Defendants were "employers" of Plaintiff within the meaning of FLSA, 29 U.S.C. § 203(d).

10. At all times material, Defendant BRADLEY PLUMBING AND HEATING, LLC (hereafter "Defendant BRADLEY") was a Florida Limited Liability company with a principal address of 1303 Gulf Beach Highway, Pensacola, FL 32507.

11. Defendant JOE BAUDENDISTEL (hereafter "Defendant Joe") is a resident of Escambia County, Florida and does business in Escambia County.

12. Defendant DONNA BAUDENDISTEL (hereafter "Defendant Donna") is a resident of Escambia County, Florida and does business in Escambia County.

**FACTUAL ALLEGATIONS**

13. At all times material, Defendant BRADLEY is in the business of plumbing, heating and air conditioning.

14. Defendant BRADLEY owned and/or operating a heating and air conditioning business at its location at 1303 Gulf Beach Highway, Pensacola, FL 32507.

15. DONNA is the manager of Defendant BRADLEY with operational control over Bradley Plumbing and Heating, LLC.

---

[1] The term "all times material," as used herein, refers to the period Plaintiff worked for Defendants, i.e. from April 15, 2021 to October 21, 2021.

COMPLAINT
*Anthony Tallman v. Bradley Plumbing and Heating, LLC, et al*

Law Office of Talbott & Lampert, P.A.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **3** of **12**

16. JOE is a managing member of Bradley Plumbing and Heating, LLC and exercised control over the day to day operations of Bradley Plumbing and Heating, LLC.

17. At all times material, Defendants', JOE and DONNA ran the day-to-day operations of Defendant BRADLEY'S.

18. At all times material, Plaintiff worked for Defendants[2] at their company located in Pensacola, FL.

19. Defendants, individually and collectively, are an employer and enterprise engaged in commerce or in the production of goods for commerce, within the meaning of 29 U.S.C. §§ 203(d), 203(s)(1).[3]

20. Defendants, individually or collectively, have two (2) or more employees.

21. Defendant BRADLEY had annual sales or business done of at least $500,000.00 during the twelve (12) months, fiscal years, or four (4) quarters preceding Plaintiff's unpaid overtime work.

22. Defendant JOE had annual sales or business done of at least $500,000.00 during the twelve (12) months, fiscal year, or four (4) quarters preceding Plaintiff's unpaid overtime work.

---

[2] All allegations addressing the plural "Defendants," shall be interpreted as an allegation against each respective Defendant unless otherwise stated.
[3] Unless otherwise stated, all allegations refer to the period Plaintiff worked for Defendant.

COMPLAINT
*Anthony Tallman v. Bradley Plumbing and Heating, LLC, et al*

23. Additionally, Defendant DONNA had annual sales or business done of at least $500,000.00 during the twelve (12) months, fiscal year, or four (4) quarters preceding Plaintiff's unpaid overtime work.

24. Alternatively, Defendants collectively have annual sales or business done of at least $500,000.00 during the twelve (12) months, fiscal year, or four (4) quarters preceding Plaintiff's unpaid overtime work.

25. At all times material herein, Defendants controlled Plaintiff's day to day activities, supervised, and/or had operational control over Plaintiff. Defendants were responsible for hiring Plaintiff, having the ability to terminate Plaintiff, setting Plaintiff's rate of pay, determining if the minimum wage or overtime was to be paid, setting Plaintiff's work schedules including the number of days and hours worked, determining, and assigning Plaintiff's work duties, and supervising Plaintiff's.

26. Defendant JOE supervised the operations of Defendant BRADLEY's business, including hiring and firing employees, setting work schedules for the employees, providing work assignments for employees, and determining the pay rates of employees or otherwise determining if an employee was to be paid overtime.

27. Defendant DONNA supervised the operations of Defendant BRADLEY's business, including hiring and firing employees, setting work schedules for the employees, providing

COMPLAINT
*Anthony Tallman v. Bradley Plumbing and Heating, LLC, et al*

Law Office of Talbott & Lampert, P.A.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **5** of **12**

work assignments for employees, and determining the pay rates of employees or otherwise determining if an employee was to be paid overtime.

28. Plaintiff was employed by Defendants from April 15, 2021 to October 21, 2021, or later, in a position Defendants titled "plumber"

29. When working for Defendants, Plaintiff's job duties included tasks of a plumber.

30. Plaintiff's work was an integral part of Defendants' business and Defendants benefited from his work.

31. The Plaintiff was not paid overtime for all of the hours that he worked over forty (40) hours in a work week.

32. The Defendants expected the Plaintiff to work approximately 50 hours a week.

33. Plaintiff worked the number of hours required by Defendants but was not paid for each and every hour worked during a work week.

34. Defendants failed to properly compensate Plaintiff for all hours worked. Specifically, Plaintiff was not paid for hours in excess of forty (40) hours in a workweek and was not paid the overtime premium pay.

35. Plaintiff's unpaid hours were hours worked in excess of forty (40) hours in a workweek, such that they were overtime hours.

36. Defendants suffered and permitted Plaintiff to work as their employee but did not pay the appropriate rate for all work that Plaintiff performed for Defendants.

COMPLAINT
*Anthony Tallman v. Bradley Plumbing and Heating, LLC, et al*

Law Office of Talbott & Lampert, P.A.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **6** of **12**

37. Defendants failed to pay Plaintiff overtime premium pay for one (1) or more hours worked in excess of forty (40) hours in a workweek.

38. Defendants owes Plaintiff compensation for overtime hours.

39. At all times material, Plaintiff was improperly classified as an overtime-exempt employee under the FLSA.

40. At all times material, Plaintiff's job duties did not involve doing the accounting of Defendants' business, ordering office supplies or inventory, setting prices, setting policies or procedures, hiring or firing other employees, setting other employees schedules or managing other employees.

41. At all times material, Plaintiff did not manage at least two (2) employees whose total weekly hours added up to at least eighty (80) hours during any workweek.

42. Defendants were Plaintiff's joint employers under the FLSA.

43. Defendants, individually and collectively, knew or should have known Plaintiff worked overtime for which he was not compensated.

44. Defendants, individually and collectively, suffered or permitted Plaintiff to work overtime without any compensation beyond his salary and without compensation at a rate of at least one and one-half (1 ½) times Plaintiff's regular rate of pay for his overtime hours.

45. Defendants, individually and collectively, supervised, directed and managed Plaintiff's work, including determining the nature and scope of the work, the volume of work, the

COMPLAINT
*Anthony Tallman v. Bradley Plumbing and Heating, LLC, et al*

Law Office of Talbott & Lampert, P.A.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **7** of **12**

amount of hours Plaintiff worked, and the deadlines in which Plaintiff's work was to be completed.

46. Plaintiff is owed unpaid overtime wages.

47. Plaintiff is entitled to recover liquidated damages equal to his paid wage and his reasonable attorney's fees and costs from Defendants, pursuant to 29 U.S.C. § 216(b).

48. Defendants' failure to properly compensate Plaintiff for all overtime was willful and not in good faith.

49. Defendants were involved in, and responsible for, paying Plaintiff for work performed.

50. The records concerning the hours worked by Plaintiff are in the possession and custody and control of Defendants. Therefore, Plaintiff is unable to determine and state the exact amount of damages due.

51. Although they had a legal obligation to do so under 29 U.S.C. § 211 and 29 C.F.R. Part 516, Defendants did not make, keep or preserve adequate or accurate records of the hours worked by Plaintiff.

52. In Plaintiff's attempt to recover his unpaid wages, he has had to employ the service of the undersigned attorneys and has incurred attorney's fees and costs, which Plaintiff is entitled to recover under the FLSA. 29 U.S.C. § 216(b).

## COUNT I - FAILURE TO PAY OVERTIME UNDER THE FLSA

COMPLAINT
*Anthony Tallman v. Bradley Plumbing and Heating, LLC, et al*

Law Office of Talbott & Lampert, P.A.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **8** of **12**

53. Plaintiff re-alleges and incorporates Paragraphs one (1) through fifty-two (52), including all footnotes, as if fully set forth herein.

54. Pursuant to 29 U.S.C. § 207(a)(1) of the FLSA, a qualifying employer must pay its overtime non-exempt employees at a rate of one and one half (1 ½) times his regular rate of pay ("overtime pay") for all hours worked in excess of the forty (40) hours in a work week ("overtime hours").

55. Plaintiff was employed by Defendants during the three (3) years period prior to this Complaint.

56. At all times material, Defendants were each the Plaintiff's "employer" under the FLSA.

57. During one (1) or more workweeks in the three (3) years prior to this Complaint, Defendants suffered and permitted Plaintiff to work overtime hours without paying him overtime pay.

58. Defendants knew or should have known Plaintiff was working overtime hours without overtime pay, because Defendants directed him to work overtime hours and/or was present during those hours.

59. Defendants knew or should have known Plaintiff was entitled overtime pay for all overtime hours.

60. Defendants failed and/or refused to properly compensate Plaintiff at the proper overtime rate for each of him overtime hours.

COMPLAINT
*Anthony Tallman v. Bradley Plumbing and Heating, LLC, et al*

Law Office of Talbott & Lampert, P.A.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **9** of **12**

61. Defendants improperly required the Plaintiff to work through his lunch break and did not properly compensate him for the time he worked.

62. Additionally, the Defendants edited the Plaintiff's time records to reduce and or take away time worked so that the Plaintiff was not properly paid overtime.

63. Defendants conduct was willful, because it knew, or showed reckless disregard for the fact, that its failure to pay Plaintiff, as alleged herein, was in violation of the FLSA.

64. Defendants conduct in failing to compensate Plaintiff for his overtime work was not in good faith.

65. Plaintiff tried to resolve this matter prior to filing suit, but the Defendants refused delivery of correspondence from the Plaintiff's counsel.

66. Because of Defendants actions, Plaintiff had to retain counsel and is entitled to recover his reasonable attorney's fees and costs connected with this suit.

67. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of overtime compensation, in amounts to be determined at trial, and is entitled to recovery of such amounts plus an equal amount of liquidated damages and reasonable attorney's fees, costs, and other compensation.

**WEHREFORE,** the Plaintiff, ANTHONY TALLMAN ("Plaintiff"), prays for the following relief:

A. Declare and find that the Defendants committed one or more of the following acts:

COMPLAINT
*Anthony Tallman v. Bradley Plumbing and Heating, LLC, et al*

    i.   Violated overtime provisions of the FLSA by failing to pay overtime wages to Plaintiff,

    ii.   Willfully violated overtime provisions of the FLSA, and/or

    iii.   Failed to keep accurate time records as required by the FLSA

B.   Enter a judgment against Defendants in the amount of Plaintiff's unpaid overtime wages at the applicable overtime rate;

C.   Award Plaintiff liquidated damages equal to his unpaid overtime wages;

D.   Award prejudgment interest (to the extent liquidated damages are not awarded) and post-judgment interest as provided by law;

E.   Award Plaintiff all reasonable attorney's fees and costs incurred in prosecuting this claim; and

F.   For such further relief as the Court deems just and equitable.

### PLAINTIFF DEMANDS A TRIAL BY JURY

DATED this 19th day of July, 2022.

Respectfully submitted,

/s/ JEREMIAH J. TALBOTT
JEREMIAH J. TALBOTT, ESQ.
FL Bar No. 0154784
Law Office of Talbott & Lampert, P.A.
900 E. Moreno Street
Pensacola, Fla. 32503

COMPLAINT
*Anthony Tallman v. Bradley Plumbing and Heating, LLC, et al*

(850) 437-9600 / (850) 437-0906 (fax)
jjtalbott@talbottlawfirm.com
civilfilings@talbottlawfirm.com
*Attorneys for Plaintiff*

COMPLAINT
*Anthony Tallman v. Bradley Plumbing and Heating, LLC, et al*

Law Office of Talbott & Lampert, P.A.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **12** of **12**

*9-1-22*
*11:38pm*
*kv alas*

## IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA

ANTHONY TALLMAN

      PLAINTIFF,

Vs.

                              CASE NO:  **2022 CA 001376**

                              DIVISION:  **F-CIVIL**

**BRADLEY PLUMBING AND HEATING LLC**  ,et al.

      DEFENDANT,

## SUMMONS

**THE STATE OF FLORIDA:**

**To Each Sheriff of the State:**

    **YOU ARE COMMANDED** to serve this summons and a copy of the complaint in the above styled cause upon the defendant **BRADLEY PLUMBING AND HEATING LLC  1303 GULF BEACH HIGHWAY PENSACOLA, FL 32507**

Each defendant is hereby required to serve written defenses to said complaint on

       plaintiff's attorney(s), whose address is

       **JEREMIAH J TALBOTT**

       **900 E MORENO ST**

       **PENSACOLA, FL 32503**

within **20 days** after service of this summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on said attorney or immediately thereafter.  If you fail to do so, a default will be entered against you for the relief demanded in the complaint.

Witness, my hand and the seal of this Court on this **19th day of July, 2022**

PAM CHILDERS

CLERK OF THE CIRCUIT COURT

By: ___*Jennet William*___

    Deputy Clerk

 

* Except when suit is brought pursuant to Section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days.  When suit is brought pursuant to Section 768.28, Florida Statutes, the time to be inserted is 30 days.

CASUM2053P

## IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA

ANTHONY TALLMAN

      PLAINTIFF,

Vs.

                              CASE NO:   **2022 CA 001376**

                              DIVISION:   **F-CIVIL**

**BRADLEY PLUMBING AND HEATING LLC**   ,et al.

    DEFENDANT,

                  **SUMMONS PERSONAL SERVICE ON A NATURAL PERSON**

TO DEFENDANT:   **JOE BAUDENDISTEL**

                     **1303 GULF BEACH HIGHWAY**

                     **PENSACOLA, FL 32507**

### IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos , sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

### IMPORTANT

Des poursuites judiciares ont ete enterprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffusant pour vous proteger. Vous etes obliges de deposer votre response ecrite, avec mention du numero de dossier ci-desses et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis,  vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saiais par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres abligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au " Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

PLAINTIFF/PLAINTIFF'S ATTORNEY:   **JEREMIAH J TALBOTT**

                                      **900 E MORENO ST**

                                      **PENSACOLA, FL 32503**

The STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the Complaint in this lawsuit on the above named Defendant.

CASUM2053P2

Witness, my hand and the seal of this Court on this **19th day of July, 2022**

PAM CHILDERS

CLERK OF THE CIRCUIT COURT

By: _Tempest William_

　　　Deputy Clerk

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration, ADA Liaison Escambia County, 190 Governmental Center, 5th Floor, Pensacola, FL 32502, (850) 595-4400 Fax (850) 595-0360 ADA.Escambia@flcourts1.gov , at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

CASUM2053P2

## IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA

**ANTHONY TALLMAN**

      PLAINTIFF,

Vs.

                                       CASE NO:  **2022 CA 001376**

                                       DIVISION:  **F-CIVIL**

**BRADLEY PLUMBING AND HEATING LLC**  ,et al.

      DEFENDANT,

### SUMMONS PERSONAL SERVICE ON A NATURAL PERSON

TO DEFENDANT:  **DONNA BAUDENDISTEL**

                **1303 GULF BEACH HIGHWAY**

                **PENSACOLA, FL 32507**

**IMPORTANT**

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos , sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**IMPORTANT**

Des poursuites judiciares ont ete enterprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l 'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffusant pour vous proteger. Vous etes obliges de deposer votre response ecrite, avec mention du numero de dossier ci -desses et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis,  vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres abligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au " Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

PLAINTIFF/PLAINTIFF'S ATTORNEY:      **JEREMIAH J TALBOTT**

                                        **900 E MORENO ST**

                                        **PENSACOLA, FL 32503**

The STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the Complaint in this lawsuit on the above named Defendant.

CASUM2053P2

Witness, my hand and the seal of this Court on this **19th day of July, 2022**

PAM CHILDERS

CLERK OF THE CIRCUIT COURT

By: _Tempest William_

      Deputy Clerk

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact Court Administration, ADA Liaison Escambia County, 190 Governmental Center, 5th Floor, Pensacola, FL  32502, (850) 595-4400 Fax (850) 595-0360 ADA.Escambia@flcourts1.gov , at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

CASUM2053P2

IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA
CIVIL DIVISION

ANTHONY TALLMAN
       Plaintiff,                        CASE NO.:   **2022 CA 001376**

VS.                                   DIVISION:   **F-CIVIL**

BRADLEY PLUMBING AND HEATING LLC, et al.
       Defendant(s),

### <u>AMENDED ORDER TO PLAINTIFF REGARDING REQUIRED REPORTING</u>

    THIS CAUSE, having come before the Court *sua sponte* upon the filing of this action and pursuant to First Judicial Circuit Administrative Order No. 2021-12, it is hereby,

    ORDERED and ADJUDGED that the Plaintiff **shall** do the following:

1. Review and become familiar with First Judicial Circuit Administrative Order No. 2021-12 (Civil Case Management Plan).

2. Within 5 days of service of the complaint on the last of all named Defendants file a Notice of Final Service with the Court that includes the following:
   a. Notice that the last of all named Defendants to be served has been served and the date of said service.
   b. A proposal as to whether the case is complex under Fla. R. Civ. P. 1.201, streamlined, or general as defined in First Judicial Circuit Administrative Order No. 2021-12 and a statement as to whether the Defendant concurs in the proposed designation.

3. Upon filing the Notice of Final Service required in paragraph 2, the Plaintiff shall also send a copy of said Notice to the **assigned** Judge's Judicial Assistant via the Proposed Documents function of the ePortal.

4. Failure of the Plaintiff to strictly comply with this Order shall subject the Plaintiff to appropriate sanctions including, but not limited to, the striking of pleadings or dismissal of this action without prejudice.

**DONE AND ORDERED** in Chambers at Pensacola, Florida this 4th day of August, 2021

                                   **/s/ Jan Shackelford**

                                    JAN SHACKELFORD
                                ADMINISTRATIVE JUDGE
                                  ESCAMBIA COUNTY

Filing # 157426159 E-Filed 09/14/2022 04:25:44 PM

# VERIFIED RETURN OF SERVICE

Job # P222938

**Client Info:**

The Law Office of Jeremiah J. Talbott, P.A.
900 East Moreno Street
Pensacola, FL  32503

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | CIRCUIT COURT |
| ANTHONY TALLMAN | Court Division: F-CIVIL |
| -versus- | |
| **DEFENDANT:** | County of Escambia, Florida |
| BRADLEY PLUMBING AND HEATING LLC, et al | Court Case # **2022 CA 001376** |

**Service Info:**

**Received by LARRY GUNTER: on August, 31st 2022 at 08:45 AM**
**Service:** I Served **BRADLEY PLUMBING AND HEATING LLC**
With: **SUMMONS; COMPLAINT; CIVIL COVER SHEET; AMENDED ORDER TO PLAINTIFF REGARDING REQUIRED REPORTING**
by leaving with **Donnie Parker, MANAGER**

**At Business 1303 GULF BEACH HIGHWAY PENSACOLA, FL 32507**
Latitude: **30.385774**,   Longitude: **-87.292356**

On **9/1/2022** at **11:38 AM**
**Manner of Service: CORPORATE EMPLOYEE - AUTHORIZED TO ACCEPT**
CORPORATE SERVICE: F.S. 48.081 (1)(a)(b)(c)(d), (2) or (3):; ALL CORPORATE OFFICERS WERE ATTEMPTED AT THE CORPORATE ADDRESS AND NONE WERE AVAILABLE FOR SERVICE; IN THE ABSENCE OF ALL THE ABOVE THE ABOVE LISTED EMPLOYEE WAS SERVED.

I **LARRY GUNTER** acknowledge that I am 18 years or older, authorized to serve process, in good standing in the jurisdiction wherein the process was served, and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

**LARRY GUNTER**
Lic # **613**

**ACCURATE SERVE OF PENSACOLA/ MOBILE**
4771 Bayou Boulevard, Suite 132
Pensacola, FL 32503
Phone: (850) 264-2917

Our Job # **P222938**




1 of 1

Filing # 157423740 E-Filed 09/14/2022 04:11:09 PM

## IN THE CIRCUIT COURT OF FIRST JUDICIAL CIRCUIT
## IN AND FOR ESCAMBIA COUNTY, FLORIDA

ANTHONY TALLMAN,

     Plaintiff,

vs.                           CASE NUMBER: 2022 CA 001376

BRADLEY PLUMBING AND HEATING,
LLC, JOE BAUDENDISTEL, and DONNA
BAUDENDISTEL,

     Defendants.

_____/

## NOTICE OF FILING RETURN OF SERVICE

COMES NOW, the Plaintiff, **ANTHONY TALLMAN**, by and through the undersigned

counsel, and file this Notice of Filing Return of Service on Defendant, **BRADLEY PLUMBING**

**AND HEATING, LLC,** in this matter. The Summons, Complaint, Amended Order to Plaintiff

Regarding Required Reporting, and Civil Cover Sheet was served by process server on September

1, 2022, to Defendant, **BRADLEY PLUMBING AND HEATING, LLC,** as evidenced by the

attached return of service.

DATED: September 14, 2022

                              Respectfully submitted,

                              /s/ Jeremiah J. Talbott
                              JEREMIAH J. TALBOTT, ESQ.
                              FL Bar No. 0154784
                              Law Office of J.J. Talbott
                              900 East Moreno Street
                              Pensacola, Florida 32503
                              (850) 437-9600 / (850) 437-0906 (Fax)
                              jj@talbottlawfirm.com
                              *Attorney for the Employee/Claimant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to

the following parties via U.S. mail.

Bradley Plumbing and Heating, LLC
PO Box 33366
Pensacola, FL 32508

Joe & Donna Baudendistel
1303 Gulf Beach Hwy
Pensacola, FL 32507

/s/ Jeremiah J. Talbott
JEREMIAH J. TALBOTT, ESQ.

*Claimant's Notice of Filing*
Page 2 of 2